IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

WILLIE J. HARRIS                                                                    PLAINTIFF

V.                                                                     NO. 4:13CV140-DMB-DAS

LORENZO CABE, ET AL.                                                          DEFENDANTS

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

This matter is before the Court on the *pro se* prisoner complaint of Willie J. Harris, who challenges the conditions of his confinement under 42 U.S.C. § 1983. The Court notes that, for the purposes of the Prison Litigation Reform Act, Harris was incarcerated when he filed this suit. Among other claims, Harris alleges that Defendants violated his right to the free exercise of religion by denying him permission to attend various Muslim services. Doc. #1 at 6.

Defendants have moved to dismiss these claims for failure to exhaust administrative remedies. Doc. # 79. In the same motion, Defendants have also moved to dismiss Defendant Faye Noel because Harris did not seek to substitute a party for Noel within 90 days after Defendants filed a Suggestion of Death under Fed. R. Civ. P. 25 on June 2, 2014. Harris has not responded to the instant motion to dismiss, and the deadline to do so has expired. For the reasons below, Defendants' motion to dismiss Harris' free exercise claims, as well as all claims against Defendant Noel, is granted.

## Standard of Review

"To survive a motion to dismiss [under Fed. R. Civ. P. 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007)). A claim for relief is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Iqbal*, 556 U.S. at 678. A claim for relief is implausible on its face when "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Id*. at 679.

# I
# Failure to Exhaust Administrative Remedies

The claims relevant to the instant motion to dismiss are those concerning denial of access to religious services and discrimination based upon Harris' religious beliefs. The Prison Litigation Reform Act states, in pertinent part:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

Mississippi Code Annotated § 47-5-801 grants the Mississippi Department of Corrections the authority to adopt an administrative review procedure at each of its correctional facilities. Under this statutory authority, the Mississippi Department of Corrections has set up an Administrative Remedy Program ("ARP") through which an inmate may seek formal review of a complaint or grievance relating to any aspect of his incarceration. The ARP Program was approved in the Northern District of Mississippi in *Gates v. Collier*, GC 71-6-S-D (N.D. Miss. Feb. 15, 1994). *See also Marshall v. Price*, 239 F.3d 365, 2000 WL 1741549, at *1 (5th Cir. Nov. 6, 2000). On September 19, 2010, the ARP process was changed from three steps to two. *See Gates v. Barbour*, No. 4:71CV6-JAD, Doc. 1242 (N.D. Miss. Aug. 19, 2010); *Threadgill v. Moore*, No. 3:10CV378-TSL-MTP, 2011 WL 4388832, at *3 n.6 (S.D. Miss. July 25, 2011).

The two-step ARP process begins when an inmate first submits his grievance in writing to the prison's legal claims adjudicator within thirty days of the incident. *Howard v. Epps*, No. 5:12CV61-KS-MTP, 2013 WL 2367880, at *2 (S.D. Miss. May 29, 2013). The adjudicator screens the grievance and determines whether to accept it into the ARP process. *Id*. If accepted,

the grievance is forwarded to the appropriate official who then issues a First Step Response to the complaining inmate. *Id.* If the inmate is unsatisfied with the first response, he may continue to the Second Step by completing an appropriate ARP form and sending it to the legal claims adjudicator. *Id.* The Superintendent, Warden or Community Corrections Director will then issue a final ruling, or Second Step Response – which completes the ARP process. *Id.* If the inmate is unsatisfied with that response, he may file suit in state or federal court. *Id.*

The exhaustion requirement protects administrative agency authority, promotes efficiency, and produces "a useful record for subsequent judicial consideration." *Woodford v. Ngo*, 548 U.S.81, 89 (2006). Indeed, "[p]risoners must now exhaust all 'available' remedies, not just those that meet federal standards." *Id.* at 85. Under the Prison Litigation Reform Act, "a prisoner must now exhaust administrative remedies even where the relief sought – monetary damages – cannot be granted by the administrative process." *Id.* (citing *Booth v. Churner*, 532 U.S. 731, 739 (2001)).

A prisoner cannot satisfy the exhaustion requirement "by filing an untimely or otherwise procedurally defective administrative grievance or appeal" because "proper exhaustion of administrative remedies is necessary" under the Prison Litigation Reform Act. *Woodford*, 548 U.S. at 83-84. *See also Johnson v. Ford*, 261 Fed. App'x 752, 755 (5th Cir. 2008) (Fifth Circuit takes "a strict approach" to PLRA's exhaustion requirement) (citing *Days v. Johnson*, 322 F.3d 863, 866 (5th Cir. 2003)); *Lane v. Harris Cty. Med. Dep't*, No. 06-20935, 2008 WL 116333, at *1 (5th Cir. Jan.11, 2008) (under PLRA, "the prisoner must not only pursue all available avenues of relief; he must also comply with all administrative deadlines and procedural rules").

As set forth in the affidavit of Richard Pennington, Director of the Administrative Remedy Program at the Mississippi State Penitentiary, Harris did not file a grievance concerning his claims

3

about access to religious services and discrimination based upon his religious beliefs. Doc. #79-1. As such, these claims must be dismissed for failure to exhaust administrative remedies.

## II
## Suggestion of Death

On June 2, 2014, Defendants filed a Suggestion of Death under Fed. R. Civ. P. 25, notifying the Court and the parties that Defendant Faye Noel passed away on May 24, 2014. Doc. #51. Under the Federal Rules, when a party files a Suggestion of Death, the opposing party must seek to substitute a different party within 90 days:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of the statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1). Harris has not filed a motion to substitute a party for Noel, and the deadline to do so has expired. As such, Harris' claims against Noel will be dismissed.

## III
## Conclusion

For the reasons above, Harris' claims regarding denial of religious services and discrimination against him for his religious beliefs are **DISMISSED without prejudice** for failure to exhaust administrative remedies. In addition, Harris' claims against Defendant Faye Noel are **DISMISSED with prejudice** for failure to comply with Fed. R. Civ. P. 25(a)(1). Defendants' pending motion for summary judgment [92] and Harris' pending motion to dismiss Defendants Carolyn Orr and Michele Watson [89] are **DISMISSED as moot**.

**SO ORDERED**, this 3rd day of November, 2015.

/s/ Debra M. Brown
**UNITED STATES DISTRICT JUDGE**