# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### GREENVILLE DIVISION

**WILLIE J. HARRIS**                                                 **PLAINTIFF**

**V.**                                      **NO. 4:13-CV-00140-DMB-DAS**

**LORENZO CABE, et al.**                                    **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This civil rights action is before the Court on the motion for reconsideration of Willie J. Harris. Doc. #107. For the reasons below, the motion will be granted.

### I
### Relevant Procedural History

On August 7, 2013, Harris filed a prisoner complaint in this Court alleging that: (1) he was "unlawfully transferred and reduced in custody contrary to MDOC policy … in April, and May of 2012;" (2) he is being denied medical treatment in retaliation for filing a previous civil action; (3) his "prison account is being embezzled" in retaliation for filing a previous civil action; (4) he is being "deprived of adequate food contrary to MDOC policy and Fourteenth Amendments [sic];" (5) he is "denied religious practice and bias [sic] toward [his] Muslim faith contrary to MDOC policy and Fourteenth Amendments [sic];" (6) he is "being forced to work a job …. Contrary to MDOC policy … a job that elevates his physical ailment (high blood pressure) in violation of the Eighth, and Fourteenth Amendments." Doc. #1 at ¶ 9. The complaint named sixteen individuals as defendants.[1]

---

[1] The complaint named as defendants: Lorenzo Cabe, Gloria Perry, Angela Brown, Dennis Gregory, Archie Longley, Earnest Lee, Faye Noel, Reginald Steward, Verlena Flagg, Barbara Scott, Roger Davis, Michele Watson, Stanley Williams, Carolyn Orr, Darlester Foster, and Pamela Robinson. A summary of each claim brought against each defendant is located in the December 18, 2013, Report and Recommendation issued by United States Magistrate Judge David A. Sanders.

On October 9, 2013, Harris filed a motion to amend his complaint. Doc. #9. The proposed amended complaint included the same six claims, but added factual allegations in support of the claims. *See id*. United States Magistrate Judge David A. Sanders granted the motion to amend on December 3, 2013. Doc. #16.

Judge Sanders convened a *Spears* hearing on December 5, 2013, and, on December 18, 2013, issued a Report and Recommendation, recommending that: (1) the reduction in custody status claim be dismissed; and (2) five of the named defendants (Pamela Robinson, Verlena Flagg, Gloria Perry, Earnest Lee, and Roger Davis) be dismissed for failure to state a claim. Doc. #23. This Court subsequently adopted Judge Sanders' Report and Recommendation. Doc. #43.

On January 15, 2014, Harris filed a "Motion for Summonses," asking this Court to "order the Clerk to mail Plaintiff – summonses to be completed, and issued to upon the Defendants, or Defendant's [sic] counsel to comply with F.R.C.P. Rule 4." Doc. #32. Judge Sanders granted the "Motion for Summonses" on April 7, 2014, Doc. #41, and the same day, Defendants Davis, Flagg, Foster, Lee, Longley, Noel, Orr, Perry, Robinson, Scott, Steward, and Williams, filed an answer, Doc. #40. The answer asserted nineteen defenses, including failure to exhaust. *See id*. at 3.

On June 2, 2014, counsel for Defendants filed a suggestion of death as to Faye Noel. Doc. #51. On August 11, 2014, this Court, acting on Harris' motion, dismissed with prejudice the claims brought against Angela Brown. Doc. #54.

On May 20, 2015, Stanley Williams and Noel filed a motion to dismiss seeking to dismiss the claims for denial of religious liberty for failure to exhaust. Doc. #79. The motion

also sought dismissal of Noel for failure to substitute under Rule 25(a)(1) of the Federal Rules of Civil Procedure.  Doc. #79.

On July 23, 2015, Harris filed a motion to dismiss his claims against Carolyn Orr and Michele Watson "pursuant to F.R.C.P. Rule 41(b)."  Doc. #89.  On August 21, 2015, Defendants Longley, Steward, Scott, and Foster, filed a motion for summary judgment based on sovereign and qualified immunity.  Doc. #92.  Harris responded to the motion for summary judgment and Defendants did not reply.  *See* Doc. #103.

On November 3, 2015, this Court entered an order granting the motion to dismiss as to the denial of religious services and discrimination claims.  Doc. #105.  The order dismissed the claims against Noel pursuant to Rule 25(a)(1) and denied as moot the pending motion for summary judgment and Harris' pending motion to dismiss Orr and Watson.  *Id.*

On December 4, 2015, Harris filed a motion for reconsideration.[2]  Doc. #107.

## II
## Motion for Reconsideration

In his motion, Harris, citing Federal Rule of Civil Procedure 60(b), seeks relief from this Court's November 3, 2015, order.  Doc. #107.

Rule 60(b) provides:

> On motion and just terms, the court may relieve a party or its representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

---

[2] In addition to the above procedural history, the Court notes that Harris has filed seven separate motions for summary judgment.  *See* Doc. #14; Doc. #22; Doc. #35; Doc. #37; Doc. #38; Doc. #53; Doc. #58.  The Court has denied each of these motions as premature, unsupported, or both.  *See* Doc. #19; Doc. #44; Doc. #55; Doc. #67.

Fed. R. Civ. P. 60(b). Rule 60(b)(1) "may be invoked for the correction of judicial error, but only to rectify an obvious error of law, apparent on the record." *Hill v. McDermott, Inc.*, 827 F.2d 1040, 1043 (5th Cir. 1987); *see United States v. City of New Orleans*, 947 F.Supp.2d 601, 624 (E.D. La. 2013) (citing *Hill*).

In his motion for reconsideration, Harris argues that the Court erred in granting the motion to dismiss because Defendants waived the exhaustion defense, and because "defendants who claim Plaintiff didn't exhaust will have to raise those claims in a motion for summary judgment …." Doc. #107. The motion does not challenge the Rule 25(a) dismissal of Noel.

### A. Waiver

"Exhaustion is mandatory for all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Alexander v. Tippah Cty.*, 351 F.3d 626, 630 (5th Cir. 2003) (internal quotation marks omitted). However, the Fifth Circuit has held that "the exhaustion requirement may be subject to certain defenses such as waiver, estoppel, or equitable tolling." *Johnson v. Ford*, 261 F. App'x 752, 755 (5th Cir. 2008) (internal quotation marks omitted) (quoting *Days v. Johnson*, 322 F.3d 863, 866 (5th Cir. 2003)). Under this rule, an exhaustion defense will not be deemed waived if it is raised in a defendant's initial responsive pleading or "if it is raised at a pragmatically sufficient time, and the plaintiff was not prejudiced in [his] ability to respond." *Arismendez v. Nightingale Home Health Care, Inc.*, 493 F.3d 602, 610–11 (5th Cir. 2007). However, a properly pleaded defense may be abandoned if a defendant fails to "develop this argument in his briefs to the court, through oral argument, or through citation of authority." *Fehlhaeber v. Fehlhaber*, 681 F.2d 1015, 1030 (5th Cir. Unit B, 1982).

In the present case, there is no question that the affirmative defense of exhaustion was raised in the initial responsive pleading of Williams and Noel. However, in his motion for reconsideration, Harris argues that the exhaustion defense was waived because Defendants failed to raise the defense "at the Spears hearing, upon Plaintiff [sic] motion to amend; and upon Plaintiff [sic] motion for summary judgment." Doc. #107 at 2.

First, no defendant had appeared at the time of the *Spears* hearing or Harris' motion to amend. Furthermore, while Noel did not respond to a premature motion for summary judgment filed by Harris, this omission cannot justify a finding of abandonment where, as here, Noel and Williams properly pled the exhaustion defense in their answer and then asserted such defense in a timely motion to dismiss. *See generally Fehlhaber*, 681 F.2d at 1030 (declining to find abandonment based solely on defense's failure to raise issue). Put simply, this is not a case where Noel and Williams failed to develop the exhaustion argument in "briefs to the court, through oral argument, or through citation of authority."

## B. Dismissal Based on Exhaustion

Next, Harris argues that a motion to dismiss is an inappropriate avenue for raising an exhaustion defense. Doc. #107 at 6.

"[W]hen courts rule on exhaustion on the basis of evidence beyond the pleadings, the nonmoving party should be granted the protections of Rule 56." *Dillon v. Rogers*, 596 F.3d 260, 271 (5th Cir. 2010). Accordingly, where a defendant submits an affidavit in support of a motion to dismiss on the grounds of non-exhaustion, a court must treat the motion as a motion for summary judgment. *See Brown v. Megg*, No. 1:14-cv-377, 2015 WL 1968633, at *2 (S.D. Miss. Apr. 30, 2015) ("By submitting Cooley's affidavit, Defendants in effect have converted their motion to a motion for summary judgment on the issue of exhaustion.").

In this case, Noel and Williams relied on an affidavit in seeking dismissal based on Harris' alleged non-exhaustion. Therefore, this Court should have treated the motion to dismiss as a motion for summary judgment and its failure to do so was error. *Rogers*, 596 F.3d at 271. Thus, Harris' motion for reconsideration [107] is **GRANTED**. This Court's November 3, 2015, order is **WITHDRAWN** to the extent it dismissed Harris' claims on the grounds of exhaustion and denied Harris' motion to dismiss [89] and defendants' motion for summary judgment [92] as moot.[3] The Court will convert the motion to dismiss to a motion for summary judgment fourteen days from the issuance of this order.[4] Harris has until such time to submit evidence related to the exhaustion of his religious claims.

**SO ORDERED**, this 25th day of April, 2016.

/s/ **Debra M. Brown**
**UNITED STATES DISTRICT JUDGE**

---

[3] The Rule 25(a) dismissal of Noel is not impacted by this order.

[4] Although a court may convert a motion to dismiss to a motion for summary judgment after a party receives notice of the possibility of such conversion, *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1284 (5th Cir. 1990), pro se plaintiffs are presumed to lack such notice in the absence of explicit direction from the Court. *See Jacob v. BAC Home Loans Serv.*, No. 7:14-cv-36, 2015 WL 3407387, at *2 (W.D. Tex. May 26, 2015) ("Because Plaintiffs represent themselves pro se and likely were not on notice that the Court could convert the Motion to Dismiss into a Motion for Summary Judgment, the Court gave Plaintiffs notice of its intent to construe the Motion as one for summary judgment ….").